STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN LOJECK, an individual,<br><br>Defendant. | Case No.: 2:10-cv-0887<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Brian Lojeck ("Mr. Lojeck") on information and belief:

### NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Lojeck is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <whatbrianthinksaboutlasvegas.com> (the "Domain").

# JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. Righthaven is the owner of the copyright in the literary work entitled "Sarah Palin may happen in Vegas" (the "Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas Review-Journal.

8. Mr. Lojeck willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

9. On or about March 4, 2010, Mr. Lojeck displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

10. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas Review-Journal.

11. The subject matter, at least in part, of the Work and the Infringement, is a politician's reference to a Las Vegas, Nevada-based comedy show.

12. At all times relevant to this lawsuit, Mr. Lojeck knew that the Work was originally published in the Las Vegas Review-Journal.

13. At all times relevant to this lawsuit, Mr. Lojeck knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

14. Mr. Lojeck's display of the Infringement was and is purposefully directed at Nevada residents.

15. Mr. Lojeck copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled "Saxe adds theater at Miracle Mile Shops" (the "Saxe Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

16. On or about April 8, 2010, Mr. Lojeck displayed, and continues to display, the Saxe Article on the Website.

17. Mr. Lojeck's display of the Saxe Article was and is purposefully directed at Nevada residents.

18. Mr. Lojeck copied, on an unauthorized basis, the literary work entitled "Grand opening at Red Rock visitors center set for today" (the "Red Rock Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

19. On or about April 10, 2010, Mr. Lojeck displayed, and continues to display, the Red Rock Article on the Website.

20. Mr. Lojeck's display of the Red Rock Article was and is purposefully directed at Nevada residents.

21. Mr. Lojeck purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

22. Mr. Lojeck purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

23. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck utilized and utilizes a derivative of the iconic "Welcome to Fabulous Las Vegas" diamond-shaped sign as a logo on the Website, evidence of which is attached hereto as Exhibit 5.

24. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck published and publishes, on the Website, summaries of vacations to Las Vegas, Nevada entitled "Trip Reports," and such contacts have been in existence at least in excess of three years.

25. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck published and publishes, on the Website, information about Las Vegas, Nevada-based hotels, and such contacts have been in existence at least in excess of three years.

26. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck published and publishes, on the Website, information about Las Vegas, Nevada-based restaurants, and such contacts have been in existence at least in excess of three years.

27. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck published and publishes, on the Website, information about Las Vegas, Nevada-based entertainment and activities, and such contacts have been in existence at least in excess of three years.

28. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck sold and sells, via the Website, clothing depicting a derivative of the iconic "Welcome to Fabulous Las Vegas" diamond-shaped sign, evidence of which is attached hereto as Exhibit 6, and such contacts have been in existence at least in excess of three years.

29. Mr. Lojeck's contacts with Nevada are continuous and systematic because Mr. Lojeck sold and sells, via the Website, coffee mugs, computer mousepads, totebags, and teddy bears depicting a derivative of the iconic "Welcome to Fabulous Las Vegas" diamond-shaped sign, evidence of which is attached hereto as Exhibit 7.

## **VENUE**

30. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

# FACTS

31. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

32. Righthaven is the owner of the copyright in the Work.

33. The Work was originally published on March 4, 2010.

34. On May 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007145881 (the "Registration") and attached hereto as Exhibit 8 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

35. No later than March 4, 2010, Mr. Lojeck displayed, and continues to display, the Infringement on the Website.

36. As of June 7, 2010, Mr. Lojeck claims ownership of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "The text and artwork on this site are the sole work, property and copyright of Brian Lojeck of Compton, CA, 2004."

37. Mr. Lojeck did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

38. Mr. Lojeck was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

39. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 38 above.

40. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

41. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

42. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

43. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

44. Mr. Lojeck reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

45. Mr. Lojeck created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

46. Mr. Lojeck distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

47. Mr. Lojeck publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

48. Mr. Lojeck has willfully engaged in the copyright infringement of the Work.

49. Mr. Lojeck's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

50. Unless Mr. Lojeck is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Lojeck of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Lojeck, and Mr. Lojeck's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all

persons acting for, by, with, through, or under Mr. Lojeck, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

  2. Direct Mr. Lojeck to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Lojeck's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Lojeck has communicated regarding Mr. Lojeck's use of the Work; and

    c. All financial evidence and documentation relating to Mr. Lojeck's use of the Work;

  3. Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

  4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

  5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

  6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

  7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this ninth day of June, 2010.

>                    RIGHTHAVEN LLC
>
>                    By: /s/ Joseph C. Chu
>                    STEVEN A. GIBSON, ESQ.
>                    Nevada Bar No. 6656
>                    J. CHARLES COONS, ESQ.
>                    Nevada Bar No. 10553
>                    JOSEPH C. CHU, ESQ.
>                    Nevada Bar No. 11082
>                    9960 West Cheyenne Avenue, Suite 210
>                    Las Vegas, Nevada 89129-7701
>                    Attorneys for Plaintiff